IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIE MAURICE HARRIS, DK-1644, )
    Petitioner, )
     )
    v. ) 2:14-cv-1300
     )
MICHAEL WENEROWICZ, et al., )
    Respondents. )

MEMORANDUM and ORDER

    Willie Maurice Harris and inmate at the State Correctional Institution at Graterford has presented a petition for a writ of habeas corpus. Harris is presently serving a life sentence imposed following his conviction by a jury of first degree murder at No. CP-02-CR-3121-1997 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on September 4, 1997.[1]

    A notice of appeal to the Superior Court was filed on November 12, 1997 at Docket 2252 Pgh 1997) and the appeal was dismissed on February 24, 1999 for failure to file a timely brief but notifying the petitioner of his right to file a post-conviction petition.[2]

    On October 1, 2001, Harris filed a post-conviction petition and on March 26, 2002, his appellate rights were reinstated. A notice of appeal was filed on April 19, 2002 at 682 WDA 2002 and his conviction was affirmed on August 6, 2004. Although originally granted, allowance of appeal was subsequently denied on February 15, 2005.

    On October 1, 2007, Harris filed a post-conviction petition which was denied on July 29, 2011. On June 20, 2012, the Superior Court affirmed the denial of relief and allowance of appeal was denied on March 21, 2013.

    On May 28, 2013, another post-conviction petition was filed and on July 2, 2014 the court indicated its intention to dismiss the petition as untimely.

---

[1] See: Petition at ¶¶ 1-6
[2] The chronology of events set forth herein is derived from the Allegheny County Docket Sheet at CP-02-CR-3121-1997 as well as the Superior Court Docket Sheet at 2252 PGH 1997 which are available at https://ujsportal.pacourts.us.

1

In the instant petition, executed on September 12, 2014 and received in this Court on September 23, 2014, Harris contends he is entitled to relief on the following grounds.

1. Petitioner's newly recognized claim mandatory life-without-parole terms for adults in non-homicide and homicide cases violate state and federal equal protection clauses, as well as Art.7 of the Universal Declaration of human rights.[3]

2. Petitioner's newly recognized scientific developments establishes mandatory life-without parole terms for individuals over the age 17 but below age 21, violate the 8th amendment, art. 5 of the universal declaration of human rights, as well as art. 1 sec.13 of the Pa. Constitution.

3. The trial court's failure to consider the mitigating factors is a violation of the equal protection clause, violation of petitioner's due process right under the 5, 6 and 14th amendment as well as a violation of the United States Constitution 8th amendment's cruel and unusual punishment clause when applied and dealing with juvenile individuals between the age of 18 to 21 years of age.

4. Petitioner's mandatory sentence of life without parole violates the 8th amendment to the United States constitution and art.1, §13 of the Pa. Const. Petitioner should be individually resentenced on less-included offenses.

5. Petitioner is entitled to relief based on the Commonwealth's failure to fulfill its due process obligation to disclose favorable evidence in violation of petitioner's 6, 14th amendment right.

6. Petitioner is entitled to relief where judgment of sentence order unlawfully sentenced petitioner pursuant to statue 42 Pa.C.S. § 9715, which is not applicable to petitioner in violation of petitioner's due process rights.

7. Ineffective assistance of trial counsel, post-motion counsel, direct appeals counsel, pcra counsel and appellate counsel for failing to raise prior counsels' ineffectiveness for failing to use the compulsory process to secure and present exculpatory and material witnesses Khalilah Thompson, Olufemi Young, Susie Venson, Erica Venson, Detective McDonald in violation of petitioner's due process rights to a fair trial as well as petitioner's right to present witnesses in his defense and properly cross-examine Detective McDonald under the 5,6 and 14th amendment of the U.S. Constitution as well as art. 1§9 of the Pa. Constitution.

---

[3] The Pennsylvania Docket Sheet reflects that the petitioner was born on October 3, 1977 and that the offense was committed on August 9, 1996. Although the petitioner concedes that he was 18 years old at the time of the crime, it appears that he was really 19 years old at the time of the crime. Additionally, claims made under Miller v. Alabama, 132 S.Ct. 2455 (2012) must be raised within one year of that decision, i.e., prior to June 25, 2013, 28 U.S.C. § 2244(d)(1)(C).

2

8. Ineffective assistance of trial counsel, post-trial counsel, direct appeals counsel, pcra counsel and appellate counsel for failing to solicit a plea deal for petitioner.

9. Ineffective assistance of pcra counsel for failing to raise and preserve all prior counsels' ineffectiveness for failing to raise and preserve the issue of abuse of discretion by the trial court for deeming exculpatory witness Khalilah Thompson not credible in his 1925(b) statement of matters.

10. Ineffective assistance of trial counsel, direct appeal counsel, pcra counsel, and appellate counsel for failing to investigate, interview and present exculpatory witnesses Erica Venson, Serita Venson, Susie Venson, Sabrina Baskin and Abina Skelton.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, petitioner's direct appeal was dismissed following which the trial court reinstated his appellate rights and on August 6, 2004, his conviction was affirmed by the Superior Court and leave to appeal to the Pennsylvania Supreme Court was denied on February 15, 2005. The time in which to seek a writ of certiorari from the United States Supreme Court expired on May 16, 2005 and as a result his conviction became final on that date. Gonzalez v.

3

Thaler, 132 S.Ct. 641 (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until October 1, 2007 or about two and a half years after he could have done so. That petition was denied; the denial of post-conviction relief was affirmed by the Superior Court on June 20, 2012 and leave to appeal to the Pennsylvania Supreme Court was denied on March 21, 2013.[4] The instant petition was executed on September 12, 2014 and received on September 23, 2014, or almost eighteen months after he could have sought relief here. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred unless a basis for equitable tolling exists. Day v. McDonough, 547 U.S. 198 (2006); United States v. Bendolph, 409 F.3d 155 (3dCir. 2005)(en banc).

      Accordingly, the petitioner will be directed to show cause, if any, why the instant petition should not be dismissed as time barred.

      An appropriate Order will be entered.

---

[4] We do note that Harris filed another post-conviction petition on May 28, 2013 and on July 2, 2014, the court indicated its intention to dismiss the petition at untimely.

ORDER

AND NOW, this 1st day of October, 2014 for the reasons set forth in the foregoing Memorandum, it is Ordered that on or before October 16, 2014, the petition show cause, if any, why the instant petition should not be dismissed as time barred.

s/ Robert C. Mitchell<br>
United States Magistrate Judge